917 F.2d 25
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Dexter L. FERBY (89-6478) Carl E. Street (89-6479) Calvin
Watkins (90-5167), Defendants-Appellants.
 Nos. 89-6478, 89-6479 and 90-5167.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge
 PER CURIAM.
 
 
 1
 Defendants-appellants Dexter L. Ferby, Calvin Lee Watkins, and Carl E. Street have appealed their convictions pursuant to a jury verdict for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846, and Watkins and Street have appealed their convictions for attempt to possess cocaine with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 846.
 
 
 2
 On February 7, 1989, the Memphis Police Department had "information" that a drug transaction was to take place at a convenience store at the corner of Millbranch and Winchester streets in Memphis. Officer Henry D. Williams testified that the police were "anticipating a drug transaction to take place on that lot, and involved a 1968, dark green Chevrolet, with handicapped tags." Alone in an unmarked vehicle, Officer Williams stationed himself in the parking lot of the 7-Eleven store at the above-mentioned corner. Five other police officers were in constant radio contact with Officer Williams.
 
 
 3
 At approximately 8:50 p.m., a 1968 green Chevrolet, bearing license plates for the handicapped, appeared and parked in the area of the entrance to the store. There were three black males in the vehicle. About five minutes later, a white Mazda hatchback, after circling a nearby service station, entered the convenience store lot and parked beside the Chevrolet. There were two black males in the Mazda. All five occupants of the two vehicles left their respective vehicles and converged to conduct a conference, which lasted for about two minutes. All of the men then returned to their respective automobiles.
 
 
 4
 The Chevrolet left the parking lot, with the Mazda following a short distance behind. Both vehicles parked in the lot of a nearby apartment complex.
 
 
 5
 Two police vehicles blocked the Mazda, whereupon two men exited the Mazda and undertook flight. The passenger in the Mazda escaped and has never been identified. Although the driver also escaped, Lt. Cox observed the driver discard his jacket as he ran and clearly observed his face in the lights of the apartment complex. From a receipt retrieved from the pocket of the discarded jacket and from the license plates issued to the Mazda, the police later identified and arrested the driver, Calvin Wilhite.
 
 
 6
 Other police officers confronted the occupants of the green Chevrolet. The driver identified himself as Carl Street. The front seat passenger was Dexter Ferby and the back seat passenger was Calvin Watkins. As a result of a pat-down for weapons, Watkins was found to be carrying $3,255 in United States currency. Neither of the others were carrying large sums of money and no evidence of cocaine or other contraband was found on the person of three appellants or in the Chevrolet. Officer Williams testified that the police had confiscated a plastic bag containing 239.4 grams of cocaine from behind the seats of the white Mazda.
 
 
 7
 At the scene of the arrest, Ferby told officers that he was there to see "a lady" in one of the apartments. Before leaving the scene, Cynthia Akins, an occupant of the apartment, upon questioning by the police officers, denied that she either knew or was expecting any of the occupants of either vehicle. During trial, however, she testified that she had been expecting appellant Watkins, but had not seen him on the night of the incident.
 
 
 8
 At trial, Street testified that he and Watkins had met earlier in the day and that he agreed to drive Watkins to shop for a used car. Neither Watkins or Street implicated Ferby either directly or indirectly with any of the events beyond stating that he was along with them "only for the ride."
 
 
 9
 At the close of the government's case in chief, and again upon completion of the defendants' cases, all of the appellants moved for judgments of acquittal, which were denied. The jury returned verdicts of guilty against all three appellants on the conspiracy charge. The jury found only Watkins and Street guilty of attempting to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and acquitted Ferby of this charge. After the verdicts were entered, Ferby and Watkins filed motions for judgments of acquittal or, in the alternative, for new trials, which were denied.
 
 
 10
 On appeal, all three defendants argued that the district court erred in refusing to grant their motions for acquittal or, in the alternative, for a new trial, because there was insufficient evidence to sustain the conviction.
 
 
 11
 When reviewing for sufficiency of the evidence, the appellate court must view the evidence and all reasonable inferences from the evidence in the light most favorable to the government. United States v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982). The standard of review is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1976); United States v. Christian, 786 F.2d 203, 311 (6th Cir.1986).
 
 
 12
 "Where several inferences can be drawn from [the] evidence, the law in this circuit is that 'the evidence ... need only be sufficient for a reasonable trier of fact to find that the evidence established guilt beyond a reasonable doubt.' " United States v. Johnson, 741 F.2d 854, 856 (6th Cir.), cert. denied, 469 U.S. 1075, 105 S.Ct. 572, 83 L.Ed.2d 512 (1984).
 
 
 13
 In drug conspiracy cases "the government must prove that a conspiracy existed, that the accused knew of the conspiracy, and that he knowingly and voluntarily joined it." Christian, 786 F.2d at 211; (citing United States v. Dempsey, 733 F.2d 392, 396 (6th Cir.), cert. denied, 469 U.S. 983, 105 S.Ct. 389, 83 L.Ed.2d 323 (1984)). Mere knowledge of or approval of an illicit transaction, although probative, is not sufficient to establish that one is party to a conspriracy. Id.; United States v. Bostic, 480 F.2d 965, 968 (6th Cir.1973). Rather, there must be "an intention and agreement to co-operate in the crime." United States v. Richardson, 596 F.2d 157, 162 (6th Cir.1979). But, "[p]articipation in the conspiracy's common purpose and plan may be inferred from the defendant's actions and reactions to the circumstances." Christian, 786 F.2d at 211. "Although mere presence alone is insufficient to support a guilty verdict, presence is a material and probative factor which the jury may consider in reaching its decision." Id. "In most instances, this court requires firm evidence of at least tacit coordination among conspirators in affirming conspiracy convictions." United States v. Pearce, Nos. 89-3990/4003, slip op. at 6 (6th Cir. August 31, 1990) (mere presence in a crack house, even when unexplained, is insufficient to support a charge of conspiracy to maintain a place to distribute crack).
 
 
 14
 The two requisite elements of an attempt are (1) an intent to engage in criminal conduct and (2) the performance of one or more overt acts which constitute a substantial step towards the commission of the substantive offense.
 
 
 15
 United States v. Williams, 704 F.2d 315, 321 (6th Cir.), cert. denied, 464 U.S. 991, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983).
 
 
 16
 Watkins admitted that a meeting had been arranged in which some person would be "served" cocaine by another person in a white Mazda. Watkins had arrived in the 1968 Chevrolet that the police had been alerted to expect, he had engaged in a meeting at the 7-Eleven store, and it could reasonably be inferred that he intended to again meet the occupants of the white Mazda at the apartment complex parking lot. Together with finding of the cocaine in the Mazda and the large sum of money in Watkins's jacket pocket, the jury could reasonably have concluded that a conspiracy existed, that Watkins knew of the conspiracy, and that he knowingly and voluntarity joined the conspiracy.
 
 
 17
 Street owned the Chevrolet that the police were expecting and he met the occupants of the Mazda at the 7-Eleven. He also drove the Chevrolet to the apartment complex parking lot, followed by the Mazda. Apparently, the jury discredited Street's testimony that he had not participated in the meeting between the occupants of the two vehicles at the 7-Eleven in direct contradiction to the testimony of Officer Williams. Moreover, the jury could have reasonably concluded that Street had known about the conspiracy and knowingly and voluntarily participated in its objectives from the fact that the Chevrolet, under Street's control, attempted to leave when the police appeared at the apartment complex parking lot.
 
 
 18
 Unlike Watkins, Ferby had no large sum of money and did not confess to knowing about an arrangement to "serve" cocaine. Unlike Street, Ferby neither owned nor controlled the vehicle that the police were expecting to participate in a drug deal. Ferby's presence as a passenger in the Chevrolet and his presence at the meeting in front of the 7-Eleven are the only alleged connections of Ferby to the conspiracy. No one overheard the conversation at the convenience store and there was no evidence that Ferby was aware of the money hidden in Watkins's pocket, or that he was aware of the cocaine hidden in the Mazda. Mere presence or even knowledge of an illicit transaction is insufficient to show participation in a conspiracy. See Pearce, slip op. at 6. While it has been established that a conspiracy did exist, there is insufficient evidence from which a jury could have reasonably concluded beyond a reasonable doubt that Ferby either knew of or knowingly and voluntarily participated in the conspiracy.
 
 
 19
 The evidence which supports the conspiracy convictions of both Watkins and Street was of sufficient weight to support their attempt convictions. Watkins's and Street's objective conduct, taken as a whole, was sufficient to corroborate the required subjective intent to purchase cocaine with intent to distribute. See Williams, 704 F.2d at 321.
 
 
 20
 Accordingly, the judgment as to Dexter Ferby on the charge of violating 21 U.S.C. Sec. 846 is REVERSED with instructions to enter a judgment of acquittal, and the judgments as to both Calvin Watkins and Carl Street are AFFIRMED on both counts.